UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON SEAMAN, an individual residing in the State of California,<br><br>                Plaintiff,<br><br>    v.<br><br>EMPIRE AIRLINES, INC., an Idaho corporation; and DOES 1 – 50 inclusive,<br><br>                Defendant. | Case No. 2:16-CV-00304-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Defendant Empire Airlines, Inc.'s ("Empire") Motion to Dismiss. (Dkt. 3.) The parties filed responsive briefing and the Motion is now ripe. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion shall be decided on the record before this Court without oral argument. The Court grants in part and denies in part Defendant's Motion.

**MEMORANDUM DECISION AND ORDER - 1**

# FACTUAL AND PROCEDURAL BACKGROUND

Empire, an Idaho corporation, hired Plaintiff Jason Seaman ("Seaman") as an ATR Captain in February 2015. (Dkt. 1.) On February 13, 2015, Seaman signed a Pilot Agreement ("Agreement") memorializing his employment as an at-will employee. (Dkt. 1, Ex. 1.) As required under the Agreement, Seaman completed 9 weeks of training in Idaho before starting work in Santa Barbara, California on May 2, 2015. (Dkt. 1.)

On the morning of February 25, 2016, while in Idaho for training, Empire's Human Resources Department asked Seaman to take a random drug/alcohol test. (Dkt. 1.) A breathalyzer test was administered at 8:15 a.m., followed by a second test 15 minutes later; the tests registered blood alcohol concentrations of ".051" and ".043" respectively. (Dkt. 1.) Empire terminated Seaman's employment at its headquarters in Hayden, Idaho later that day referencing his failed drug/alcohol test and its zero tolerance policy. (Dkt. 1.)

On July 6, 2016, Seaman filed his complaint alleging four causes of action arising out of the drug/alcohol test and his subsequent termination, including tortious termination in violation of public policy, breach of the implied covenants of good faith and fair dealing under California law, breach of contract, and declaratory relief. (Dkt. 1.) Empire filed a Counterclaim alleging

breach of contract. (Dkt. 6.) Both parties filed Motions to Dismiss, which the Court now takes up. (Dkt. 3, 10, 11.)1

## DISCUSSION

### 1. Motion to Dismiss under 12(b)(6) – Legal Standard

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a party's claim for relief. When considering such a motion, the Court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards. Federal Rule of Civil Procedure 8(a) sets forth minimum pleading rules, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In general, a motion to dismiss will only be granted if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted lawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

---

1 Seaman filed his Motion to Dismiss (Dkt. 10), but subsequently filed an Amended Motion to Dismiss (Dkt. 11), which the Court now takes up.

**MEMORANDUM DECISION AND ORDER - 3**

When deciding a motion for judgment on the pleadings, the Court assumes the allegations in the complaint are true and construes them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009); *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007). A judgment on the pleadings is appropriate when, taking all the allegations in the complaint as true, the moving party is entitled to judgment as a matter of law. *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005); *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993). Although "we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Therefore, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Comm. Learning Cent., Inc.,* 590 F.3d 806, 811-12 (9th Cir. 2010) (citation omitted).

When ruling on a motion to dismiss, the court must normally convert a Rule 12(b)(6) motion into one for summary judgment under Rule 56 if the court considers evidence outside of the pleadings. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). However, "a court may consider attachments to the complaint and documents referred to in (but not attached to) the complaint, where the authenticity of such document is not in question." *Mueller v. Correction Corp. of America*, 2013 WL 431796, at *1 (D. Idaho 2013) (citing *Cooper v. Pickett*, 137 F.3d 616 (9th Cir. 1997)).

The Court will evaluate each of Seaman's claims using the above standard. But, first the Court must take up whether to apply Idaho or California law.

**MEMORANDUM DECISION AND ORDER - 4**

## 2. Choice of Law

Empire asserts Seaman's claims based on California law should be dismissed because the choice of law provision of the Agreement specifies that Idaho law governs any breach claims. (Dkt. 3, 15.) The choice of law provision reads: "Empire and Employee agree that this Agreement and performance under it, and all proceedings that may ensue from its breach, be construed in accordance with and under the laws of the State of Idaho." (Dkt. 15, Ex. 1.)2 In arguing for the application of California law, Seaman states he was employed for the purpose of operating out of Santa Barbara; he paid income taxes in California; he resided in California while employed by Empire; and he was terminated while living and working in California. (Dkt. 9.) Seaman does not contest that the Agreement contains a choice of law provision, instead he seems to contend the Court should apply California law in spite of it because California has a materially greater interest in his claims than Idaho does. (Dkt. 9.)

"Federal courts sitting in diversity look to the law of the forum state in making a choice of law determination." *Ticknor v. Choice Hotels Int'l, Inc.,* 265 F.3d 931, 937 (9th Cir. 2001). The complaint was filed in Idaho, thus Idaho's choice of law rules apply. Idaho applies the Restatement (Second) of Conflict of Laws to determine what law governs a contract, which states: "The law of the state chosen by the parties to govern their contractual rights and duties

---

2 Seaman attached the Agreement to his Complaint, therefore, the Court may consider it in deciding this Motion without converting it to a Motion for Summary Judgment. *See Mueller v. Correction Corp. of America*, 2013 WL 431796 *1 (D. Idaho 2013) (citing *Cooper v. Pickett*, 137 F.3d 616 (9th Cir. 1997)).

**MEMORANDUM DECISION AND ORDER - 5**

will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue." *Carroll v. MBNA America Bank*, 220 P.3d 1080, 1084 (Idaho 2009) (quoting RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187(1) (1971)). Even if an issue cannot be resolved by an explicit provision in the contract, the law of the chosen state will still apply unless:

> (A) the chosen state has no substantial relationship to the parties or the transaction and there is no reasonable basis for the parties' choice, or
>
> (B) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of a particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice by the parties.

*Id.* § 187(2).

"Forum selection clauses are prima facie valid, and are enforceable absent a strong showing by the party opposing the clause that enforcement would be unreasonable or unjust, or that the clause is invalid for such other reasons as fraud or over-reaching." *Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15 (1972). Another exception applies "if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *Id.*

The Court finds the choice of law provision in Seaman's Agreement is valid and enforceable. Seaman does not allege the choice of law provision is unreasonable or unjust, or that the clause was a result of fraud or over-reaching. To the extent Seaman's factual assertions

of his residence and work connection to California are an argument that the clause is unreasonable or unjust, the Court finds Seaman has not met his burden of "a strong showing" that the clause is unreasonable or unjust. If any of Seaman's claims are not resolved by the explicit provision of the Agreement, the Court still finds Idaho law applies. Idaho has a substantial relationship to the parties, there was a reasonable basis for choosing to apply Idaho law in the Agreement, and California does not have a materially greater interest in Seaman's claims. Empire is an Idaho corporation with its headquarters in Idaho. Seaman's conduct that led to his termination and his termination occurred in Idaho. Therefore, the Court will apply Idaho law to all of Seaman's claims.

### 3. Motion to Dismiss—Tortious Termination in Violation of Public Policy (Count I)

In Count I, Seaman argues even though he was an at-will employee the public policy exception applies under California law, Empire violated public policy when it terminated him, and he should be awarded punitive damages. (Dkt. 1.) Empire asserts that no public policy exception applies and Seaman's application of California law is erroneous and in direct contradiction to the choice of law provision of his employment contract. (Dkt. 3.) Empire contends Seaman's admission that his employment was at-will ends the inquiry and the cause of action should be dismissed. (Dkt. 3.)

As discussed above, Idaho law applies and since Seaman brought his claims under California law, the Court finds he has not stated a claim upon which relief can be granted. Empire's Motion to Dismiss is granted as to Count I.

### 4. Motion to Dismiss—Violation of the Covenant of Good Faith and Fair Dealing (Count III)

In Count III, Seaman contends Empire violated the implied covenants of good faith and fair dealing under California law when Empire terminated him through its misuse of federal regulations governing the administration of drug/alcohol testing and the contradictions between custom and practice involving Empire employees and activities involving the consumption of alcohol. (Dkt. 1.) Empire argues California law does not apply and even if such covenants were implied they do not grant additional employee rights or limit an employer's rights to terminate an at-will employee, but merely require the parties to perform their contractual obligations under the contract in good faith. (Dkt. 3.)

As discussed above, Idaho law applies and since Seaman brought his claims under California law, the Court finds he has not stated a claim upon which relief can be granted. Empire's Motion to Dismiss is granted as to Count III.

### 5. Motion to Dismiss—Breach of Employment Agreement (Count II)

In Count II, Seaman asserts he was promised a pay increase on his first work anniversary (February 2016), but in August 2015, Empire changed the date of increase to May 2017. (Dkt. 1.) Seaman further alleges notwithstanding his status as an at-will employee, Empire breached the Agreement by terminating his employment based on a pretextual "random alcohol test" that had no consequence on his performance of "safety sensitive" functions and was done in violation of FAA regulations. (Dkt. 1.) Empire maintains that Seaman was an at-will employee and, therefore, it could terminate him at any time without consequence. (Dkt. 3.) Empire further

argues its decision to terminate Seaman following a failed alcohol test was not a breach of the Agreement. (Dkt. 3.)

The elements of a breach of contract claim under Idaho law are: (1) the existence of the contract, (2) the breach of the contract, (3) the breach caused damages, and (4) the amount of those damages. *Ridenour v. Bank of America, N.A.*, 23 F. Supp.3d 1201, 1207 (D. Idaho 2014) (citing *Mosell Equities, LLC v. Berryhill & Co., Inc.*, 297 P.3d 232, 241 (Idaho 2013)). Empire concedes there was a contract. Taking the facts as true and correct in the light most favorable to him as the non-moving party, the Court finds Seaman's allegations of breach as discussed state a plausible claim for relief. If Empire in fact did breach the Agreement, Seaman alleges financial damages to be proven at trial. 3 The Court denies Empire's Motion to Dismiss as to Count II.

### 6. Motion to Dismiss—Declaratory Relief (Count IV)

Under the Declaratory Judgment Act, a court may declare the rights and other legal relations of a party. 28 U.S.C. § 2201 (1993). The Act confers on federal courts unique and substantial discretion in determining whether to declare the rights of litigants or to decline to enter a declaratory judgment. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995). A court, within its discretion, should declare the parties' rights and obligations when the judgment will (1) clarify or settle the legal relations at issue and (2) terminate or afford relief from the

---

3 Seaman's Complaint requests punitive damages, however, under Idaho law "a party cannot make a claim for punitive damages in its prayer for relief; rather, the claim must be made by a pretrial motion to amend." *Doe v. Cutter Biological, a Div. of Miles Inc.*, 844 F.Supp. 602, 609 (D. Idaho, 1994); *see* Idaho Code § 6-1604(2) (1990).

**MEMORANDUM DECISION AND ORDER - 9**

uncertainty, insecurity, and controversy giving rise to the proceeding. *Central Montana Elec. Power Co-op., Inc. v. Administrator of Bonneville Power Admin.*, 840 F.2d 1472 (9th Cir. 1988). The purpose of the Act is to relieve potential defendants from the threat of "impending litigation which a harassing adversary might brandish, while initiating a suit at his leisure—or never." *Societe de Conditionnement*, 655 F.2d 938, 943 (9th Cir. 1981).

The Court should award declaratory relief only where there is "a case of actual controversy." 28 U.S.C. § 2201. "To establish that a particular declaratory action presents an actual case or controversy, a party is required to show, under all the circumstances of the case, there is a substantial controversy between parties having adverse legal interests, and the controversy is of sufficient immediacy and reality to warrant declaratory relief." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir. 1990); *Societe de Conditionnement*, 655 F.2d at 943. "In deciding whether to entertain a declaratory judgment request, a court must determine whether resolving the case serves the objectives for which the Declaratory Judgment Act was created." *Bon-Aire Industries, Inc. v. Viatek Consumer Products Group, Inc.*, 2014 WL 1910000, at *6 (D. Idaho May 13, 2014) (quoting *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 883 (Fed. Cir. 2008)).

In Count IV, Seaman asks the Court to issue a judicial declaration regarding the lawfulness of his termination given the applicable federal laws governing the administration of alcohol testing in relation to his duties; the proximity of Empire's administration of the drug/alcohol test to Seaman's performance of "safety sensitive" functions; and Empire's misuse of the test results to carry out an unlawful termination of Seaman's employment.

**MEMORANDUM DECISION AND ORDER - 10**

The Court finds Seaman's requested declaratory relief, if granted, would serve the Declaratory Judgment Act's objectives and therefore Seaman's request is not inappropriate. The Court finds Seaman has stated a plausible claim for declaratory relief taking the facts as true and correct in the light most favorable to him as the non-moving party. The Court denies Empire's Motion to Dismiss as to Count IV.

### 7. Leave to Amend

Seaman seeks leave to amend in the event the Court grants Empire's Motion to Dismiss. (Dkt. 9.) Empire contends such leave would be futile. (Dkt. 15.)

Leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts apply Rule 15 with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether a motion to amend should be granted, the court generally considers five factors: (1) undue delay; (2) bad faith; (3) futility of amendment; (4) prejudice to the opposing party; and (5) whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (citation omitted). While all are relevant in considering a motion for leave to amend, the Ninth Circuit has held the "crucial factor is the resulting prejudice to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1189 (9th Cir. 1973). Ultimately, "[u]nless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its complaint." *Howey*, 481 F.2d at 1190.

In Counts I and III, Seaman raised claims of tortious termination in violation of public policy and breach of the implied covenants of good faith and fair dealing based on California

law. These claims are dismissed based on the choice of law provision. However, such claims are valid causes of action under Idaho law. *See Harris v. Treasure Canyon Calcium Company*, 132 F.Supp.3d 1228, 1238 (D. Idaho 2015); *see also Cantwell v. City of Boise*, 191 P.3d 205, 213 (Idaho 2008). Therefore, it would not be futile for Seaman to be allowed to amend his complaint to allege these claims under Idaho law. The Court finds Empire will not suffer prejudice if Seaman's requested leave is granted given the early stage of the case. Therefore, the Court grants Seaman leave to amend his complaint.

### 8. Empire's Counterclaim and Seaman's Motion to Dismiss

Seaman filed an Amended Motion to Dismiss Empire's Counterclaim under 12(b)(6) and asks for a more definite statement pursuant to Rule 12(e). (Dkt. 11.) Empire is seeking monetary damages under the following provision of the Agreement:

> Payment by Pilot. Employee agrees to repay Empire the sum as indicated unless the Employee successfully completes the training program and remains continuously employed by Empire for at least eighteen (18) months following the successful completion of IOE for ATR First Officer and Captains, . . . Any resignation or termination-for-cause of employment within the indicated time frame shall cause the employee to repay the balance of the contract, in regular monthly payments, as per the following schedule.

(Dkt. 6.) Empire asserts in its Counterclaim that it is owed $6,750.00 due to the prorated schedule in the Agreement for separation of employment occurring within 9-10 months after successful completion of IOE. (Dkt. 6.)

Rule 12(e) provides "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Motions for a more definite statement are not favored by the courts since pleadings are only required to fairly notify the opposing party of the nature of the claim." *Wavetronix LLC v. Swenson*, 2013 WL 1222565, at *2 (D. Idaho Mar. 25, 2013) (citing *A.G. Edwards & Sons, Inc. v. Smith*, 736 F.Supp. 1030, 1032 (D. Ariz. 1989)). "A motion for a more definite statement should generally be denied 'if the complaint is specific enough to notify defendant of the substance of the claim being asserted.'" *Saetrum v. Ada*

**MEMORANDUM DECISION AND ORDER - 13**

*County Sheriff's Office*, 2014 WL 12616623, at *1 (D. Idaho Jan. 14, 2014) (quoting *Medrano v. Kern Cnty., Sheriff's Officer*, 921 F. Supp.2d 1009, 1013 (E.D. Cal. 2013)).

To determine if Seaman is entitled to a more definite statement, the Court must address whether Empire's counterclaim complies with Rule 8(a). *See Hearne v. Welch & Allan*, 2006 WL 22184, *1 (D. Idaho Jan. 4, 2006); *see also Bautista v. L.A. County*, 216 F. 3d 837, 840 (9th Cir. 2000). In order to comply with Rule 8(a), Empire must have pled a short statement of the elements of its claim, identify the transactions or occurrences giving rise to that claim, and identify the elements of the prima facie case. Fed. R. Civ. P. 8(a). A "complaint is not defective for failure to designate the statute or other provision of law violated," however, "the judge may, in his discretion, in response to a motion for more definite statement . . . require such detail as may be appropriate in the particular case." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

Empire met the requirements of Rule 8(a) with its counterclaim. The elements of a breach of contract claim are (1) the existence of the contract, (2) the breach of the contract, (3) the breach caused damages, and (4) the amount of those damages. *Ridenour,* 23 F. Supp.3d at 1207. There is no dispute a contract exists. In its counterclaim Empire alleged Seaman's Agreement required he work for Empire for 12 months after IOE completion, which he did not, and as a result he owed Empire for a prorated amount of his training, and Empire is asking for $7,828.52 plus costs and attorney's fees. (Dkt. 6.) The Court finds Empire's counterclaim is not so vague or ambiguous so as to require a more direct statement. Seaman's Motion under 12(e) is denied.

Taking the above facts as alleged in Empire's counterclaim as true, as the Court must on a motion to dismiss, the Court finds Empire has stated enough facts to state a claim to relief for breach that is plausible on its face. Seaman's Amended Motion to Dismiss under 12(b)(6) is denied.

## CONCLUSION

The Court finds Idaho law applies to the contract dispute between the parties. Therefore Empire's Motion to Dismiss is granted on Counts I and III, but denied on Counts II and IV. The request for leave to amend is granted. Seaman is directed to file his amended complaint no later than June 2, 2017.

The Court finds Empire's counterclaim was not so vague or ambiguous so as to require a more definite statement under Rule 12(e). The Court finds Empire stated enough facts in its counterclaim to state a claim to relief that is plausible on its face. As such, Seaman's Amended Motion to Dismiss Empire's Counterclaim under Rule 12(b)(6) is denied. (Dkt. 11.) Seaman's request for a more definite statement under Rule 12(e) is also denied. (Dkt. 11.)

# ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Dkt. 3) is **DENIED IN PART AND GRANTED IN PART** as stated herein. Plaintiff's Amended Motion to Dismiss (Dkt. 11) is **DENIED** as stated herein.

Plaintiff is granted leave to file an Amended Complaint on or before June 2, 2017.

DATED: May 3, 2017

Edward J. Lodge
United States District Judge